UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SOLOMON GIBBS                 :
                                                     :
v.                                                  :         C.A. No. 18-00430-WES
                                                     :
A.T. WALL                       :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On August 6, 2018, Plaintiff Solomon Gibbs, a state inmate, filed this pro se Complaint against A.T. Wall, the Director of Corrections, and an unidentified Correctional Officer "that sexual misconduct on me." (ECF Doc. No. 1 at p. 3). Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521

(1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff alleges that an unidentified Correctional Officer conducted a retaliatory[1] search and put him and another inmate in a "sexual position." He claims that the Correctional Officer violated some unspecified "rules" on how to conduct a search. Plaintiff alleges that he was traumatized by contacting the other inmate's body, is mentally depressed and feels "gay now."

First, Plaintiff alleges absolutely no facts regarding A.T. Wall's involvement or possible liability, either in his official or individual capacity, for this incident. Thus, Plaintiff fails to state any legally viable claims against Director A.T. Wall.

Second, as to the unidentified John Doe Correctional Officer, the Court assumes that Plaintiff is asserting a claimed violation of his Eighth Amendment right to be free from the infliction of cruel and unusual punishments. In order to plead a viable Eighth Amendment claim, an inmate must allege facts demonstrating "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The primary inquiry in determining whether a prison official used unlawful physical force turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 1000 (1992) (citations omitted). Again, there is an objective component of the inquiry, which requires that the injury be "objectively, sufficiently serious," and a subjective component, which requires the prison official have a "sufficiently culpable state of mind." See Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). "Because sexual abuse by a corrections officer may constitute serious harm inflicted

---

[1] Plaintiff alleges that the Correctional Officer was "piss off" and conducted the search to "teach us inmate a lesson." (ECF doc. No. 1 at p. 3). Plaintiff fails, however, to allege any facts as to why the Correctional Officer was "piss off" or to assert any claim, or facts supporting a claim, that the search was conducted in retaliation for engaging in any constitutionally protected activity or otherwise conducted in violation of the Constitution.

by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." Boddie v. Schnieder, 105 F.3d 857, 861 (2nd Cir. 1997). However, "[n]ot every case of inappropriate touching will meet the two-prong test." Roten v. McDonald, No. 08-081, 2009 WL 4348367, at *4 (D. Del. Nov. 30, 2009). Assaults that result in only de minimis harm do not rise to the level of constitutional infractions unless the behavior of the officer in question can be deemed "'repugnant to the conscience of mankind.'" Hudson, 503 U.S. at 9-10 (internal citations omitted).

Here, the allegations of sexual abuse in the Complaint, while potentially describing inappropriate conduct, fail to rise to the level of an Eighth Amendment violation. Plaintiff claims he was emotionally injured by being placed in an embarrassing position and by simply coming into contact with another male inmate's body. The claim parallels conduct in cases which Courts have found insufficient to state a constitutional violation. See, e.g., Washington v. Harris, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (inmate's allegations that he suffered momentary pain, "psychological injury," embarrassment, humiliation, and fear after he was subjected to officer's offensive and unwanted touching did not rise to the level of constitutional harms); Jackson v. Madery, 158 F. App'x 656, 661-662 (6th Cir. 2005) (unpublished) (allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); Joseph v. U.S. Fed. Bureau of Prisons, 232 F.3d 901, at *1-2 (10th Cir. Oct. 16, 2000) (unpublished) (allegations that prison official "touched [plaintiff] several times in a suggestive manner and exposed her breasts to him" were not "objectively, sufficiently serious" to state an Eighth Amendment claim); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (touching of inmate's buttocks by prison employees, though inappropriate and sanctioned by prison, does not violate the Eighth Amendment); Boddie, 105

F.3d at 861 (verbal harassment and fondling of inmate's genitals by prison guard, though despicable, not sufficiently serious to establish Eighth Amendment violation). Accordingly, I recommend that the Eighth Amendment sexual harassment claim against the John Doe Correctional Officer be DISMISSED.

Finally, to the extent Plaintiff claims that the John Doe Correctional Officer "broke rules on how to search, and handle a [sic] inmate with no cloths [sic]" (ECF Doc. No. 1 at p. 3), he fails to identify the source of the rules or the nature of the alleged violation of such rules. He fails to assert any constitutional claims regarding such rules that might be cognizable before this Court under 42 U.S.C. § 1983.

**CONCLUSION**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 29, 2018